FILED
8/3/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ZYKIA MCNEAL, a/k/a "Nankog"

Case No. 1:26-cr-00423
Judge Jeffrey I Cummings
Magistrate Judge Albert Berry, III
Random/Cat. 3

Violation: Title 18, United States Code, Sections 286 and 287

**UNDER SEAL**

**COUNT ONE**

The SPECIAL APRIL 2025 GRAND JURY charges:

1. At times material to this indictment:

a. The Internal Revenue Service (the "IRS") was part of the United States Department of the Treasury and was responsible for, among other things, administering the tax laws of the United States, collecting income taxes, and issuing income tax refunds to eligible taxpayers.

b. The IRS allowed taxpayers who were entitled to a refund of federal individual income taxes to claim that refund by signing and filing in person, by mailing, or by electronically filing a U.S. Individual Income Tax Form 1040 (the "Form 1040").

c. The information which the Form 1040 required the taxpayer to provide included, but was not limited to, the taxpayer's name and address, social security number, filing status, number of dependents, total income for the tax year, the amount of dividends received, the amount of federal income tax withheld during the tax year, the amount of tax due or refund claimed. Depending on the circumstances and submissions of the particular taxpayer, various other schedules

and forms, including a Schedule A, a Schedule B, and a Schedule 1, also were required to be attached to the Form 1040.

d. A Schedule A was an official IRS schedule that was used by taxpayers to report their itemized deductions like mortgage interest and medical deductions and calculate the itemized deductions for which a taxpayer is eligible. The schedule accompanied the Form 1040, and the amount reported on the Schedule A flowed through to the first page of the Form 1040. The itemized deduction amount claimed on Schedule A reduced a taxpayer's tax due and owing and could result in refund payments.

e. A Schedule B was an official IRS schedule that was used by taxpayers to report their interest and ordinary dividends like dividends from investment accounts. The schedule accompanied the Form 1040, and the amount reported on the Schedule B flowed through to the first page of the Form 1040. The amount withheld from dividends claimed on a Schedule B reduced a taxpayer's tax due and could result in refund payments.

f. A Schedule 1 was an official IRS document that was an addendum to the Form 1040 and was used by taxpayers to report income sources, such as gambling income, that did not fit on the main Form 1040. Amounts withheld from gambling income claimed on a Schedule 1 reduced a taxpayer's tax due and could result in refund payments.

g. The IRS considered information contained in Form 1040, and accompanying schedules and forms, including but not limited to Schedule A, Schedule

B, and Schedule 1, in determining and issuing a tax refund. After receiving this information, the IRS issued a refund to the taxpayer if there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

h. An individual taxpayer could request that a qualified and registered tax preparation officer prepare applicable forms and schedules on the taxpayer's behalf, and this tax preparer could submit the forms and schedules necessary to complete the taxpayer's United States Individual Income Tax Return.

i. Defendant ZYKIA MCNEAL, a/k/a "Nankog," was a beautician who resided in the Northern District of Illinois. MCNEAL was not a registered tax preparer with an IRS-issued Preparer Tax Identification Number.

2. Beginning no later than in or around January 2023, and continuing until at least in or around August 2024, in the Northern District of Illinois, Eastern Division, and elsewhere,

ZYKIA MCNEAL, a/k/a "Nankog,"

defendant herein, and others known and unknown to the grand jury, knowingly and willfully entered into a conspiracy with each other to defraud the United States Department of Treasury by obtaining the payment of a false, fictitious, and fraudulent claim.

3. It was part of the conspiracy that MCNEAL obtained means of identification of individuals from co-conspirators known and unknown to the grand jury, with and without those individuals' knowledge, for the purpose of filing, or causing to be filed, false and fraudulent tax returns in order to claim fraudulent refunds, which MCNEAL received in whole or in part.

4. It was further part of the conspiracy that MCNEAL solicited individuals for tax preparation services so that MCNEAL could prepare Form 1040s for those individuals to obtain fraudulent refunds, a portion of which MCNEAL collected from the individuals.

5. It was further part of the conspiracy that MCNEAL obtained personal identifying information, including names, addresses, and social security numbers, and forms W-2 (Wage and Tax Statements) for individuals who expected MCNEAL to prepare truthful and accurate Form 1040 to be submitted to the IRS.

6. It was further part of the conspiracy that MCNEAL prepared false and fraudulent Form 1040s for individuals for the 2022 and 2023 tax years, which returns claimed false amounts related to items of income, deductions and credits, including, but not limited to, wages, gambling income, dividends, federal tax withholdings, and fictitious Schedules A, B, and 1.

7. It was further part of the conspiracy that MCNEAL did not send or cause to be sent draft Form 1040s to clients, which prevented the clients from identifying the falsity of the returns.

8. It was further part of the conspiracy that MCNEAL filed and caused to be filed false and fraudulent Form 1040s that she had prepared for individuals to claim fraudulent refunds, a portion of which MCNEAL collected from the individuals.

9. It was further part of the conspiracy that MCNEAL obtained personal identifying information from co-conspirators known and unknown to the grand jury,

including names, addresses, and social security numbers for other individuals who had not contracted with MCNEAL for tax preparation services.

10. It was further part of the conspiracy that MCNEAL prepared false and fraudulent Form 1040s for individuals whose personal identifying information she had obtained without their consent for the 2022 and 2023 tax years, which returns claimed false amounts related to items of income, deductions and credits, including, but not limited to, wages, gambling income, dividends, federal tax withholdings, and fictitious Schedules A, B, and 1.

11. It was further part of the conspiracy that MCNEAL filed and caused to be filed false and fraudulent Form 1040s for individuals whose personal identifying information she had obtained without their consent for the 2022 and 2023 tax years to claim fraudulent refunds, which refunds MCNEAL caused to be deposited in bank accounts that she directly and indirectly controlled.

12. It was further part of the conspiracy that MCNEAL shared the proceeds from the fraudulently obtained refunds with co-conspirators who had provided her with the personal identifying information of individuals who had not contracted with MCNEAL for tax preparation services.

13. It was further a part of the conspiracy that MCNEAL electronically transmitted and caused to be electronically transmitted the false and fraudulent Form 1040s by way of interstate wirings from the Northern District of Illinois to IRS Service Centers in Kansas City, Missouri, and elsewhere outside the State of Illinois.

14. It was further a part of the conspiracy that MCNEAL fraudulently caused the United States Department of Treasury to issue refunds for the false and fraudulent returns, which refunds MCNEAL caused to be deposited electronically into stored value accounts or bank accounts that she controlled directly and indirectly.

15. It was further a part of the conspiracy that MCNEAL concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the false and fraudulent returns.

In violation of Title 18, United States Code, Section 286.

## COUNTS TWO THROUGH SIX

1. The allegations in Paragraph One of Count One of the indictment are incorporated here.

2. On or about the dates set forth below, in the Northern District of Illinois, and elsewhere

ZYKIA MCNEAL, a/k/a "Nankog,"

defendant herein, made, presented, and caused to be presented to the IRS, an agency of the United States Department of Treasury, a claim upon and against the United States, that is a U.S. Individual Income Tax Form 1040 seeking a refund, described below, knowing each claim was false, fictitious, and fraudulent, in that defendant knew that the listed taxpayer on the return was not entitled to the refund sought:

| **Count** | **Tax Year** | **Taxpayer** | **Date Filed** |
|---|---|---|---|
| 2 | 2022 | KA | 9/14/2023 |
| 3 | 2022 | AB | 9/28/2023 |
| 4 | 2022 | DC | 10/10/2023 |
| 5 | 2023 | DG | 7/19/2024 |
| 6 | 2023 | KB | 5/26/2024 |

In violation of Title 18, United States Code, Section 287.

A TRUE BILL:

______________________________

FOREPERSON

______________________________

UNITED STATES ATTORNEY